| Fill in this information to identify the case: |
|---|

Debtor 1 <u>Marilyn Elizabeth Howard</u>

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Maryland
(State)

Case number <u>16-25287</u>

## Official Form 410

# Proof of Claim                                                                    04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1 | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2003, 2003-CB1 Trust, C-BASS Mortgage Loan Asset-Backed Certificates, Series 2003-CB1 |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☒ No<br>☐ Yes. From whom? _____ |
|---|---|---|

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure | **Where should notices to the creditor be sent?**<br><br>Ocwen Loan Servicing, LLC<br>Name<br><br>1661 Worthington Road, Suite 100, P.O. Box 24737<br>Number          Street<br><br>West Palm Beach, Florida 33409<br>City          State          Zip Code<br><br>Contact phone<br><br>Contact email<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent?** (if different)<br><br>Ocwen Loan Servicing, LLC<br>Name<br><br>1661 Worthington Road, Suite 100, P.O. Box 24737<br>Number          Street<br><br>West Palm Beach, Florida 33409<br>City          State          Zip Code<br><br>Contact phone <u>Mediations:  866-788-6435</u><br><br>Contact email |
|---|---|---|---|

| 4. | Does this claim amend one already filed? | ☒ No<br>☐ Yes.   Claim number on court claims registry (if known) _____ | Filed on _____<br>MM / DD / YYYY |
|---|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☒ Yes.   Who made the earlier filing?   <u>Edward Christman, Esquire</u> |
|---|---|---|

| **Part 2** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 9575

---

**7. How much is the claim?**   $200,867.34

**Does this amount include interest or other charges?**
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

---

**9. Is all or part of the claim secured?**

☐ No
☒ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**  DEED OF TRUST
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                  $_____

**Amount of the claim that is secured:**   $200,867.34

**Amount of the claim that is unsecured:** $0.00          (The sum of the secured and unsecured amounts should match the amount in line 7)

**Amount necessary to cure any default as of the date of the petition:**   $200,867.34 total debt

**Annual Interest Rate** (when case was filed) 11.275%
☒ Fixed
☐ Variable

---

**10. Is this claim based on a lease?**

☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

---

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes. Identify the property: _____

---

Official Form 410                           Proof of Claim                                         Page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies.  $ _____

*Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment

---

## Part 3   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004

☐ I am a guarantor, surety, endorser, or other codebtor, Bankruptcy Rule 3005

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/17/2017
                  MM / DD / YYYY

    /s/Robyn A McQuillen

Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Robyn A McQuillen | | |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Shapiro & Brown, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | | |
| Address | 10021 Balls Ford Road, Suite 200 | | |
| | Number | Street | |
| | Manassas, Virginia 20109 | | |
| | City | State | Zip Code |
| Contact Phone | (703) 261-7420 | Email | |

---

## Mortgage Proof of Claim Attachment

**(12/15)**

**If you file a claim secured by a security interest in the debtor's personal residence, you must use this form as an attachment to your proof of claim. See separate instructions.**

| Part 1: Mortgage and Case Information | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|
| Case number 16-25287 | Principal balance | $81,858.53 | Principal & interest due | $187,998.47 | Principal & Interest | $0.00 |
| Debtor 1: Marilyn Elizabeth Howard | Interest due | $106,139.94* | Prepetition fees due | $9,031.04 | Monthly Escrow | $0.00 |
| Debtor 2: _____ | Fees, costs due | $9,031.04 | Escrow deficiency for funds advanced | $4,597.87 | Private mortgage insurance | |
| Last 4 digits to identify 9575 | Escrow deficiency for funds advanced | $4,597.87 | Projected escrow shortage | $0.00 | Total monthly payment | $0.00 |
| Creditor U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2003, 2003-CB1 Trust, C-BASS Mortgage Loan Asset-Backed Certificates, Series 2003-CB1 | Less total funds on hand | $760.04 | Less funds on hand: | $760.04 | | |
| Servicer Ocwen Loan Servicing, LLC | Total debt | $200,867.34 | Total prepetition arrearage | $200,867.34 total debt | | |
| Fixed accrual/daily simple interest/other: __Fixed__ | | | | | | |

*Deferred Principal Balance ($55,377.36) is a non-interest bearing balance and it has not been considered while calculating the interest due.

| **Part 5: Loan Payment History from First Date of Default** | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Account Activity** | | | | | | **How Funds Were Applied/Amount Incurred** | | | | | **Balance After Amount Received or Incurred** | | | | |
| Date | Contractual Payment Amount | Funds Received | Amount incurred | Description | Contractual due date | Principal, Interest & Escrow past due balance | Amount to principal | Amount to interest | Amount to escrow | Amount to fees or charges | Unapplied funds | Principal balance | Accrued interest balance | Escrow balance | Fees/ Charges balance | Unapplied funds balance |
| 9/16/2009 | | | ($45.86) | Late Charge Assessment | | $0.00 | | | | ($45.86) | | $81,858.53 | | ($367.87) | $45.86 | $0.00 |
| 10/16/2009 | | | ($45.86) | Late Charge Assessment | | $0.00 | | | | ($45.86) | | $81,858.53 | | ($367.87) | $91.72 | $0.00 |
| 11/16/2009 | | | ($45.86) | Late Charge Assessment | | $0.00 | | | | ($45.86) | | $81,858.53 | | ($367.87) | $137.58 | $0.00 |
| 12/16/2009 | | | ($45.86) | Late Charge Assessment | | $0.00 | | | | ($45.86) | | $81,858.53 | | ($367.87) | $183.44 | $0.00 |
| 1/16/2010 | | | ($45.86) | Late Charge Assessment | | $0.00 | | | | ($45.86) | | $81,858.53 | | ($367.87) | $229.30 | $0.00 |
| 6/1/2010 | $1,686.33 | | | Payment Due | | $1,686.33 | | | | | | $81,858.53 | | ($367.87) | $229.30 | $0.00 |

## Mortgage Proof of Claim Attachment

(12/15)

Case Number: 16-25287

Debtor 1: Marilyn Elizabeth Howard

Debtor 2 _____

| Date | | | | Description | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/1/2010 | $1,686.33 | | | Payment Due | | $3,372.66 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 8/1/2010 | $1,686.33 | | | Payment Due | | $5,058.99 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 9/1/2010 | $1,686.33 | | | Payment Due | | $6,745.32 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 10/1/2010 | $1,686.33 | | | Payment Due | | $8,431.65 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 11/1/2010 | $1,686.33 | | | Payment Due | | $10,117.98 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 12/1/2010 | $1,686.33 | | | Payment Due | | $11,804.31 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 1/1/2011 | $1,686.33 | | | Payment Due | | $13,490.64 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 2/1/2011 | $1,686.33 | | | Payment Due | | $15,176.97 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 3/1/2011 | $1,686.33 | | | Payment Due | | $16,863.30 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 4/1/2011 | $1,686.33 | | | Payment Due | | $18,549.63 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 5/1/2011 | $1,686.33 | | | Payment Due | | $20,235.96 | | | | $81,858.53 | ($367.87) | $229.30 | $0.00 |
| 9/19/2011 | | | ($45.86) | Late Charge Assessment | | $20,235.96 | | | ($45.86) | $81,858.53 | ($367.87) | $275.16 | $0.00 |
| 10/17/2011 | | | ($45.86) | Late Charge Assessment | | $20,235.96 | | | ($45.86) | $81,858.53 | ($367.87) | $321.02 | $0.00 |
| 11/17/2011 | | | ($45.86) | Late Charge Assessment | | $20,235.96 | | | ($45.86) | $81,858.53 | ($367.87) | $366.88 | $0.00 |
| 11/23/2011 | | | $95.00 | Property Valuation Fee - BPO | | $20,235.96 | | | ($95.00) | $81,858.53 | ($367.87) | $461.88 | $0.00 |
| 12/2/2011 | | | $325.00 | Title Report Fee | | $20,235.96 | | | ($325.00) | $81,858.53 | ($367.87) | $786.88 | $0.00 |
| 3/22/2012 | | | $2.70 | Statutory Mailings | | $20,235.96 | | | ($2.70) | $81,858.53 | ($367.87) | $789.58 | $0.00 |
| 4/18/2012 | | | $102.00 | Property Valuation Fee - BPO | | $20,235.96 | | | ($102.00) | $81,858.53 | ($367.87) | $891.58 | $0.00 |
| 5/3/2012 | | | $1,000.00 | Foreclosure Through Title Searches | | $20,235.96 | | | ($1,000.00) | $81,858.53 | ($367.87) | $1,891.58 | $0.00 |
| 5/17/2012 | | | ($45.86) | Late Charge Assessment | | $20,235.96 | | | ($45.86) | $81,858.53 | ($367.87) | $1,937.44 | $0.00 |

# Mortgage Proof of Claim Attachment

(12/15)

Case Number: 16-25287

Debtor 1: Marilyn Elizabeth Howard

Debtor 2 _____

| Date | | | | Description | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/19/2012 | | | ($45.86) | Late Charge Assessment | $20,235.96 | | | ($45.86) | | | $81,858.53 | | ($367.87) | $1,983.30 | $0.00 |
| 7/17/2012 | | | ($45.86) | Late Charge Assessment | $20,235.96 | | | ($45.86) | | | $81,858.53 | | ($367.87) | $2,029.16 | $0.00 |
| 8/30/2012 | | | $102.00 | Property Valuation Fee - BPO | $20,235.96 | | | ($102.00) | | | $81,858.53 | | ($367.87) | $2,131.16 | $0.00 |
| 11/18/2012 | | | $137.58 | Late Charge Waived | $20,235.96 | | | $137.58 | | | $81,858.53 | | ($367.87) | $1,993.58 | $0.00 |
| 1/14/2013 | | | $102.00 | Property Valuation Fee - BPO | $20,235.96 | | | ($102.00) | | | $81,858.53 | | ($367.87) | $2,095.58 | $0.00 |
| 4/15/2013 | | $760.04 | | Suspense Payment | $20,235.96 | | | | $760.04 | | $81,858.53 | | ($367.87) | | $760.04 |
| 5/24/2013 | | | $102.00 | Property Valuation Fee - BPO | $20,235.96 | | | ($102.00) | | | $81,858.53 | | ($367.87) | $2,197.58 | $760.04 |
| 6/26/2013 | | | ($45.86) | Late Charge Assessment | $20,235.96 | | | ($45.86) | | | $81,858.53 | | ($367.87) | $2,243.44 | $760.04 |
| 3/28/2014 | | | $325.00 | Title Report Fee | $20,235.96 | | | ($325.00) | | | $81,858.53 | | ($367.87) | $2,568.44 | $760.04 |
| 7/22/2015 | | | $6.74 | Statutory Mailings | $20,235.96 | | | ($6.74) | | | $81,858.53 | | ($367.87) | $2,575.18 | $760.04 |
| 9/30/2015 | | | ($2,115.00) | Insurance Disbursement -SWBC Lender Placed Insurance | $20,235.96 | | ($2,115.00) | | | | $81,858.53 | | ($2,482.87) | $2,575.18 | $760.04 |
| 11/5/2015 | | | $60.00 | Appointment of Substitute Trustee | $20,235.96 | | | ($60.00) | | | $81,858.53 | | ($2,482.87) | $2,635.18 | $760.04 |
| 11/5/2015 | | | $485.00 | Filing Fee Complaint | $20,235.96 | | | ($485.00) | | | $81,858.53 | | ($2,482.87) | $3,120.18 | $760.04 |
| 11/17/2015 | | | $1,500.00 | Foreclosure Through Complaint | $20,235.96 | | | ($1,500.00) | | | $81,858.53 | | ($2,482.87) | $4,620.18 | $760.04 |
| 11/23/2015 | | | $660.00 | Service of Process | $20,235.96 | | | ($660.00) | | | $81,858.53 | | ($2,482.87) | $5,280.18 | $760.04 |
| 1/21/2016 | | | $6.95 | Statutory Mailings | $20,235.96 | | | ($6.95) | | | $81,858.53 | | ($2,482.87) | $5,287.13 | $760.04 |

Mortgage Proof of Claim Attachment

## Mortgage Proof of Claim Attachment

**(12/15)**

Case Number: 16-25287

Debtor 1: Marilyn Elizabeth Howard

Debtor 2

| Date | | | Amount | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/21/2016 | | | $0.70 | Statutory Mailings | $20,235.96 | | | | ($0.70) | $81,858.53 | ($2,482.87) | $5,287.83 | $760.04 |
| 1/22/2016 | | | $282.00 | Title Report Fee | $20,235.96 | | | | ($282.00) | $81,858.53 | ($2,482.87) | $5,569.83 | $760.04 |
| 2/25/2016 | | | $934.00 | Publication | $20,235.96 | | | | ($934.00) | $81,858.53 | ($2,482.87) | $6,503.83 | $760.04 |
| 4/4/2016 | | | $295.00 | Postpone or Re-Set Sale | $20,235.96 | | | | ($295.00) | $81,858.53 | ($2,482.87) | $6,798.83 | $760.04 |
| 5/27/2016 | | | $4.02 | Statutory Mailings | $20,235.96 | | | | ($4.02) | $81,858.53 | ($2,482.87) | $6,802.85 | $760.04 |
| 5/27/2016 | | | $40.02 | Statutory Mailings | $20,235.96 | | | | ($40.02) | $81,858.53 | ($2,482.87) | $6,842.87 | $760.04 |
| 6/8/2016 | | | $295.00 | Postpone or Re-Set Sale | $20,235.96 | | | | ($295.00) | $81,858.53 | ($2,482.87) | $7,137.87 | $760.04 |
| 6/22/2016 | | | ($2,115.00) | Insurance Disbursement -SWBC Lender Placed Insurance | $20,235.96 | | ($2,115.00) | | | $81,858.53 | ($4,597.87) | $7,137.87 | $760.04 |
| 8/19/2016 | | | $4.02 | Statutory Mailings | $20,235.96 | | | | ($4.02) | $81,858.53 | ($4,597.87) | $7,141.89 | $760.04 |
| 8/19/2016 | | | $40.02 | Statutory Mailings | $20,235.96 | | | | ($40.02) | $81,858.53 | ($4,597.87) | $7,181.91 | $760.04 |
| 8/25/2016 | | | $295.00 | Postpone or Re-Set Sale | $20,235.96 | | | | ($295.00) | $81,858.53 | ($4,597.87) | $7,476.91 | $760.04 |
| 8/29/2016 | | | $93.75 | Court | $20,235.96 | | | | ($93.75) | $81,858.53 | ($4,597.87) | $7,570.66 | $760.04 |
| 8/30/2016 | | | $784.00 | Publication | $20,235.96 | | | | ($784.00) | $81,858.53 | ($4,597.87) | $8,354.66 | $760.04 |
| 9/12/2016 | | | $625.00 | Foreclosure Through Complaint | $20,235.96 | | | | ($625.00) | $81,858.53 | ($4,597.87) | $8,979.66 | $760.04 |
| 11/3/2016 | | | $46.69 | Statutory Mailings | $20,235.96 | | | | ($46.69) | $81,858.53 | ($4,597.87) | $9,026.35 | $760.04 |
| 11/3/2016 | | | $4.69 | Statutory Mailings | $20,235.96 | | | | ($4.69) | $81,858.53 | ($4,597.87) | $9,031.04 | $760.04 |

*PLEASE BE ADVISED THIS IS A TOTAL DEBT CLAIM AS THE MATURITY DATE IS ON MAY 1, 2011. THE INTEREST CONSIDERED IN THE TOTAL DEBT CALCULATION IS UNTIL THE PLAN END DATE.

Case number: 16-25287

Debtor: Marilyn Elizabeth Howard

<u>Basis for asserting that "U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2003, 2003-CB1 Trust, C-BASS Mortgage Loan Asset-Backed Certificates, Series 2003-CB1" has the right to foreclose</u>

Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Proof of Claim for:

U.S. Bank National Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2003, 2003-CB1 Trust, C-BASS Mortgage Loan Asset-Backed Certificates, Series 2003-CB1 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because (check the applicable below):

___ Noteholder is the owner of the note.

_X_ Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

___ Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent, has possession of the promissory note and will enforce the promissory note as transferee in possession.

___ Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder is unable to find the promissory note and will seek to prove the promissory note through the filing of a lost note affidavit.

___ Noteholder is the successor trustee and transferee in possession of the security instrument for the referenced loan.

<u>Total Debt</u>

*Please be advised that this loan matured/will mature on <u>05/01/2011</u> and the entire total debt is currently due. The above Total Debt amount simply reflects the loan balance at petition and does not contemplate post-petition interest that will accrue on the unpaid principal balance or advances that may be made on the loan. Should the Debtor choose to pay the Total Debt listed above in full through the plan as opposed to paying the debt pursuant to the terms of the Note, the aforementioned amounts may remain outstanding at discharge. Creditor reserves the right to collect these amounts if they are not paid by the Trustee or the Debtor prior to discharge.*

| LATE CHARGE BREAKDOWN | | | | |
|---|---|---|---|---|
| **Date** | **Description** | **Amount** | **Payment** | **Total** |
| 09/16/2009 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 10/16/2009 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 11/16/2009 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 12/16/2009 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 01/16/2010 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 09/19/2011 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 10/17/2011 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 11/17/2011 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 05/17/2012 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 06/19/2012 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 07/17/2012 | Late Charge Assessment | -$45.86 | | -$45.86 |
| 11/18/2012 | Late Charge Waived | $137.58 | | $137.58 |
| 06/26/2013 | Late Charge Assessment | -$45.86 | | -$45.86 |
| Total | | -$412.74 | | -$412.74 |

| Fee Breakdown | | | | |
|---|---|---|---|---|
| Eff Date | Invoice Date | Description | Auth Amt | Reg Pmt Bal |
| 11/25/2011 | 11/23/2011 | Property Valuation Fee - BPO | $102.00 | $95.00 |
| 12/30/2011 | 12/02/2011 | Title Report Fee | $325.00 | $325.00 |
| 04/25/2012 | 04/18/2012 | Property Valuation Fee - BPO | $102.00 | $102.00 |
| 05/15/2012 | 03/22/2012 | Statutory Mailings | $2.70 | $2.70 |
| 05/15/2012 | 05/03/2012 | Foreclosure Through Title Searches | $1,000.00 | $1,000.00 |
| 08/31/2012 | 08/30/2012 | Property Valuation Fee - BPO | $102.00 | $102.00 |
| 01/14/2013 | 01/14/2013 | Property Valuation Fee - BPO | $102.00 | $102.00 |
| 05/24/2013 | 05/24/2013 | Property Valuation Fee - BPO | $102.00 | $102.00 |
| 04/04/2014 | 03/28/2014 | Title Report Fee | $325.00 | $325.00 |
| 11/24/2015 | 11/05/2015 | Appointment of Substitute Trustee | $60.00 | $60.00 |
| 11/24/2015 | 07/22/2015 | Statutory Mailings | $6.74 | $6.74 |
| 11/24/2015 | 11/05/2015 | Filing Fee Complaint | $485.00 | $485.00 |
| 11/24/2015 | 11/17/2015 | Foreclosure Through Complaint | $1,500.00 | $1,500.00 |
| 12/23/2015 | 11/23/2015 | Service of Process | $660.00 | $660.00 |
| 01/27/2016 | 01/22/2016 | Title Report Fee | $282.00 | $282.00 |
| 04/15/2016 | 04/04/2016 | Postpone or Re-Set Sale | $295.00 | $295.00 |
| 04/15/2016 | 01/21/2016 | Statutory Mailings | $6.95 | $6.95 |
| 04/15/2016 | 01/21/2016 | Statutory Mailings | $0.70 | $0.70 |
| 06/20/2016 | 05/27/2016 | Statutory Mailings | $4.02 | $4.02 |
| 06/20/2016 | 05/27/2016 | Statutory Mailings | $40.02 | $40.02 |
| 06/20/2016 | 02/25/2016 | Publication | $934.00 | $934.00 |
| 06/29/2016 | 06/08/2016 | Postpone or Re-Set Sale | $295.00 | $295.00 |
| 08/29/2016 | 08/19/2016 | Statutory Mailings | $4.02 | $4.02 |
| 08/29/2016 | 08/19/2016 | Statutory Mailings | $40.02 | $40.02 |
| 09/19/2016 | 09/12/2016 | Foreclosure Through Complaint | $625.00 | $625.00 |
| 09/19/2016 | 08/25/2016 | Postpone or Re-Set Sale | $295.00 | $295.00 |
| 09/19/2016 | 08/30/2016 | Publication | $784.00 | $784.00 |
| 09/19/2016 | 08/29/2016 | Court | $93.75 | $93.75 |
| 12/05/2016 | 11/03/2016 | Statutory Mailings | $46.69 | $46.69 |
| 12/05/2016 | 11/03/2016 | Statutory Mailings | $4.69 | $4.69 |
| Total | | | $8,625.30 | $8,618.30 |

**REALRemit®**

# Invoice – C650507

## General Information

### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

### Payment Details

| | |
|---|---|
| Confirmation Number | 1112739 |
| Method | ACH |
| Amount | $51.38 |
| Date | 12/05/2016 |

### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

## Invoice Header

### Invoice Information

| | |
|---|---|
| Invoice Number | C650507 |
| Description | 13-25602_FC01 |
| Invoice Date | 11/18/2016 |
| Invoice Receipt Date | 11/18/2016 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 11/18/2016 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB41004,Certified Return Receipt Mail,6.67,CFCSDRR Statutory Certified Return Recei|FB415,Mail - First Class,0.67,CFCSDRR Statutory Mail - First Class 1|FB41004,Certified Return Receipt Mail,40.02,CFCSDRR Statutory Certified Return Recei|FB415,Mail - First Class,4.02,CFCSDRR Statutory Mail - First Class 6 |
| Foreclosure Module Status | Stopped |

### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | █████9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |

| Field | Value | Field | Value |
|---|---|---|---|
| Event Name | Date Of Sale | Interest Rate | 11.275 |
| Event Status | Completed | FCO (Cumulative Fee at PO) | 2375 |
| Judicial | NO | Lien Position | 1st |
| FCTR Date | 10/26/2013 | Insured By | UC |
| FCTR Alias | FCTR | Report Status Code | 60DY,9OR,BKDC,DPV,EPFI,FCSL,HNPV,LHN,LNAC,NO,NO US,OID,PV,RMIC,SPCA,SPOC |
| FCTR Code | FC | User Hold Code | DK,CG |
| FC Initiation Date | 10/26/2013 | Occupancy Type | D |
| FBCO | 3010.00 | Principal and Interest Amount | 917.2 |
| Event Date | 08/16/2016 | UCCC | 0 |
| Document Type | | Sale Amount Due | 85599.39 |
| | | Property Sale Date | |
| | | Other Advance | 8573.45 |
| | | Escrow Bal | -4597.87 |
| | | Hazard Suspense | 0 |
| | | Delinquent Interest Gross | |
| | | Calculated Amount | |
| | | UPI | 917.20 |
| | | FB/IB | NO |
| | | FCO Limit Configured | 2250.0 |
| | | County Details | Baltimore |
| | | Pool Code | |
| | | State Condition Code | 1 |
| | | Unpaid Principal Amount | FC,LS,MT,NP |
| | | Interest Amount | 0.0 |
| | | | 0.0 |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB41 | FB41004 | Statutory Mailings-(Recoverable from Borrower) | 11/03/2016 | $46.69 |
| FB41 | FB4153 | Statutory Mailings-(Recoverable from Borrower) | 11/03/2016 | $4.69 |

### Summary

| | |
|---|---|
| Subtotal | $51.38 |
| Total | $51.38 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $51.38 |

# REALRemit®

## Invoice - C619039

General Information

### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

**Payment Details**

| | |
|---|---|
| Confirmation Number | 1107114 |
| Method | ACH |
| Amount | $1,797.75 |
| Date | 09/19/2016 |

### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | 9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| | |
| Loan Type | 9 |
| Interest Rate | 11.275 |
| FCO (Cumulative Fee at PO) | 2375 |

## Invoice Header

### Invoice Information

| | |
|---|---|
| Invoice Number | C619039 |
| Description | 13-25602_FC01 |
| Invoice Date | 09/12/2016 |
| Invoice Receipt Date | 09/12/2016 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 09/12/2016 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB4181,Auctioneers Fee and Publication,784,auctioneer 150 publiCATION 634|FB4005,Reset Sale 295,|FB4101,Bond Premium,93.75,|FB4013,Arty Fee FC through Complaint,625, |
| | |
| Foreclosure Module Status | Stopped |
| Event Name | Date Of Sale |
| Event Status | Stopped |

| Field | Value |
|---|---|
| Judicial | NO |
| FCTR Date | 10/26/2013 |
| FCTR Alias | FCTR |
| FCTR Code | FC |
| FC Initiation Date | 10/26/2013 |
| FBCO | 3010.00 |
| Event Date | 11/20/2015 |
| Document Type | |

| Field | Value |
|---|---|
| Lien Position | 1st |
| Insured By | UC |
| Report Status Code | 60DY,9OR,BKDC,DPV,EFPI,HNPV,LHN,LNAC,MDR,NO,OID ,PV,RMIC,SPCA,SPOC |
| User Hold Code | DK,RA,CG |
| Occupancy Type | D |
| Principal and Interest Amount | 917.2 |
| UCCC | 0 |
| Sale Amount Due | 80995.3 |
| Property Sale Date | |
| Other Advance | 6775.70 |
| Escrow Bal | -4597.87 |
| Hazard Suspense | 0 |
| Delinquent Interest Gross | |
| Calculated Amount | 917.20 |
| UPI | YES |
| FB/IB | 1500.0 |
| FCO Limit Configured | Baltimore |
| County Details | 1 |
| Pool Code | |
| State Condition Code | PCH,FP3,LS,MT,NP |
| Unpaid Principal Amount | 0.0 |
| Interest Amount | 0.0 |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB40 | FB4013 | Foreclosure Through Complaint- (Recoverable from Borrower) | 09/12/2016 | $625.00 |
| FB41 | FB4101 | Court-(Recoverable from Borrower) | 08/29/2016 | $91.75 |
| FB40 | FB4005 | Postpone or Re-Set Sale-(Recoverable from Borrower) | 08/25/2016 | $295.00 |
| FB41 | FB4181 | Publication-(Recoverable from Borrower) | 08/30/2016 | $784.00 |

### Summary

| | |
|---|---|
| Subtotal | $1,797.75 |
| Total | $1,797.75 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $1,797.75 |

**REALRemit®**

## Invoice – C609944

### General Information

#### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

**Payment Details**

| | |
|---|---|
| Confirmation Number | 1105598 |
| Method | ACH |
| Amount | $44.04 |
| Date | 08/29/2016 |

#### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocw.env@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Invoice Header

#### Invoice Information

| | |
|---|---|
| Invoice Number | C609944 |
| Description | 13-25602_FC01 |
| Invoice Date | 08/25/2016 |
| Invoice Receipt Date | 08/25/2016 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 08/25/2016 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB41004,Certified Return Receipt Mail,40.02,|FB4153,Mail - First Class,4.02, |
| Foreclosure Module Status | Stopped |
| Event Name | Date Of Sale |
| Event Status | Stopped |
| Judicial | NO |
| FCTR Date | 10/26/2013 |

#### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | 9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |
| Interest Rate | 11.275 |
| FCO (Cumulative Fee at PO) | 1750 |
| Lien Position | 1st |
| Insured By | UC |

| | | |
|---|---|---|
| FCTR Alias | FCTR | |
| FCTR Code | FC | |
| FC Initiation Date | 10/26/2013 | |
| FBCO | 2090.00 | |
| Event Date | 11/20/2015 | |

| | |
|---|---|
| Report Status Code | 60DY,90R,BKDC,DDV,EFPI,HNPV,LHN,LNAC,MDR,NO,OID,PV,RMIC,SFCA,SPOC,MCAL |
| User Hold Code | DK,WD,CG |
| Occupancy Type | D |
| Principal and Interest Amount | 917.2 |
| UCCC | 0 |
| Sale Amount Due | 79772.23 |
| Property Sale Date | |
| Other Advance | 6731.66 |
| Escrow Bal | -4597.87 |
| Hazard Suspense | 0 |
| Delinquent Interest Gross | |
| Calculated Amount | |
| UPI | 917.20 |
| FB/IB | NO |
| FCO Limit Configured | 1500.0 |
| County Details | Baltimore |
| Pool Code | 1 |
| State Condition Code | dmex,FCH,FP3,LS,MT,NP,RSCH(1) |
| Unpaid Principal Amount | |
| Interest Amount | |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB41 | FB41004 | Statutory Mailings-(Recoverable from Borrower) | 08/19/2016 | $40.02 |
| FB41 | FB4153 | Statutory Mailings-(Recoverable from Borrower) | 08/19/2016 | $4.02 |

## Summary

| | |
|---|---|
| Subtotal | $44.04 |
| Total | $44.04 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $44.04 |

**REALRemit®**

## Invoice – C579160

### General Information

#### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

#### Payment Details

| | |
|---|---|
| Confirmation Number | 1101057 |
| Method | ACH |
| Amount | $295.00 |
| Date | 06/29/2016 |

#### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Invoice Header

#### Invoice Information

| | |
|---|---|
| Invoice Number | C579160 |
| Description | 13-25602_FC01 |
| Invoice Date | 06/26/2016 |
| Invoice Receipt Date | 06/26/2016 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 06/26/2016 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB4005,Reset Sale,295,HAMP mod review |
| Foreclosure Module Status | Hold |
| Event Name | Docket Filed |
| Event Status | Completed |
| Judicial | NO |
| FCTR Date | 10/26/2013 |

#### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | ██████9575 |
| File Number | ██████9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |
| Interest Rate | 11.275 |
| FCO (Cumulative Fee at PO) | 1750 |
| Lien Position | 1st |
| Insured By | UC |

| | |
|---|---|
| FCTR Alias | FCTR |
| FCTR Code | FC |
| FC Initiation Date | 10/26/2013 |
| FBCO | 2090.00 |
| Event Date | 11/09/2015 |
| Document Type | |

| | |
|---|---|
| Report Status Code | 60DY,90R,BKDC,DDV,EFPI,HNFV,LHN,LNAC,MDR,NO,OID ,PV,RMIC,SFCA,SPOC |
| User Hold Code | DK,RA,CG |
| Occupancy Type | D |
| Principal and Interest Amount | 917.2 |
| UCCC | 0 |
| Sale Amount Due | 77636.3 |
| Property Sale Date | |
| Other Advance | 6430.13 |
| Escrow Bal | -4597.87 |
| Hazard Suspense | 0 |
| Delinquent Interest Gross | |
| Calculated Amount | |
| UPI | 917.20 |
| FB/IB | NO |
| FCO Limit Configured | 1500.0 |
| County Details | Baltimore |
| Pool Code | 1 |
| State Condition Code | dmex,FCH,FP3,LS,MT,NP |
| Unpaid Principal Amount | |
| Interest Amount | |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB40 | FB4005 | Postpone or Re-Set Sale-(Recoverable from Borrower) | 06/08/2016 | $295.00 |
| | | | | $295.00 |

| Summary | |
|---|---|
| Subtotal | $295.00 |
| Total | $295.00 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $295.00 |

# Invoice - C573223

## General Information

### Requestor Information

| Field | Value |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

#### Payment Details

| Field | Value |
|---|---|
| Confirmation Number | 1100287 |
| Method | ACH |
| Amount | $978.04 |
| Date | 06/20/2016 |

### Vendor Information

| Field | Value |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Purchase Order Information

| Field | Value |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | 9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |
| Interest Rate | 11.275 |

## Invoice Header

### Invoice Information

| Field | Value |
|---|---|
| Invoice Number | C573223 |
| Description | 13-25602_FC01 |
| Invoice Date | 06/14/2016 |
| Invoice Receipt Date | 06/14/2016 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 06/14/2016 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB4181,Auctioneers Fee and Publication,150.,|FB4181,Auctioneers Fee and Publication,784,Auctioneer 150 publication 634|FB41004,Certified Return Receipt Mail,6.67,|FB4153,Mail - First Class,0.67,|FB41004,Certified Return Receipt Mail,33.35,|FB4153,Mail - First Class,3.35, |
| Foreclosure Module Status | Hold |
| Event Name | Docket Filed |

| | |
|---|---|
| Event Status | Completed |
| Judicial | NO |
| FCTR Date | 10/26/2013 |
| FCTR Alias | FCTR |
| FCTR Code | FC |
| FC Initiation Date | 10/26/2013 |
| FBCO | 1795.00 |
| Event Date | 11/09/2015 |
| Document Type | |

| | |
|---|---|
| FCO (Cumulative Fee at PO) | 1750 |
| Lien Position | 1st |
| Insured By | UC |
| Report Status Code | 6ODY,9OR,BKDC,DPV,EFPI,HNPV,LHN,LNAC,MDR,NO,OID,PV,RMIC,SPCA,SPOC |
| User Hold Code | DK,RA,CG |
| Occupancy Type | D |
| Principal and Interest Amount | 917.2 |
| UCCC | 0 |
| Sale Amount Due | 74543.26 |
| Property Sale Date | |
| Other Advance | 5452.09 |
| Escrow Bal | -2482.87 |
| Hazard Suspense | 0 |
| Delinquent Interest Gross | |
| Calculated Amount | |
| UPI | 917.20 |
| FB/IB | NO |
| FCO Limit Configured | 1500.0 |
| County Details | Baltimore |
| Pool Code | 1 |
| State Condition Code | dmex,FCH,FP3,LS,MT,NP |
| Unpaid Principal Amount | |
| Interest Amount | |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB41 | FB41004 | Statutory Mailings-(Recoverable from Borrower) | 05/27/2016 | $40.02 |
| FB41 | FB4181 | Publication-(Recoverable from Borrower) | 02/25/2016 | $934.00 |
| FB41 | FB4153 | Statutory Mailings-(Recoverable from Borrower) | 05/27/2016 | $4.02 |

### Summary

| | |
|---|---|
| Subtotal | $978.04 |
| Total | $978.04 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $978.04 |

# REALRemit®

## Invoice – C542301

### General Information

#### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

#### Payment Details

| | |
|---|---|
| Confirmation Number | 1672351 |
| Method | CHECK |
| Amount | $302.65 |
| Date | 04/15/2016 |

#### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Invoice Header

#### Invoice Information

| | |
|---|---|
| Invoice Number | C542301 |
| Description | 13-25602_FC01 |
| Invoice Date | 04/13/2016 |
| Invoice Receipt Date | 04/13/2016 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 04/13/2016 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB41004,Certified Return Receipt Mail,6.95,|FB4153.Mail - First Class,0.7,|FB4005,Reset Sale,295,Written dispute |

| | |
|---|---|
| Foreclosure Module Status | Active |
| Event Name | Docket Filed |
| Event Status | Completed |
| Judicial | NO |

#### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | 9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |
| Interest Rate | 11.275 |
| FCO (Cumulative Fee at PO) | 1750 |
| Lien Position | 1st |

| FCTR Date | 10/26/2013 | | Insured By | UC |
|---|---|---|---|---|
| FCTR Alias | FCTR | | Report Status Code | 60DY,90R,BKDC,DPV,EFPI,HNPV,LHN,LNAC,MDR,NO,OID,PV,RMIC,SPCA,SPOC |
| FCTR Code | FC | | User Hold Code | DK,CG |
| FC Initiation Date | 10/26/2013 | | Occupancy Type | D |
| FBCO | 1795.00 | | Principal and Interest Amount | 917.2 |
| Event Date | 11/09/2015 | | UCCC | 0 |
| Document Type | | | Sale Amount Due | 72406.21 |
| | | | Property Sale Date | |
| | | | Other Advance | 5149.44 |
| | | | Escrow Bal | -2482.87 |
| | | | Hazard Suspense | 0 |
| | | | Delinquent Interest Gross | |
| | | | Calculated Amount | |
| | | | UPI | 917.20 |
| | | | FB/IB | NO |
| | | | FCO Limit Configured | 1500.0 |
| | | | County Details | |
| | | | Pool Code | |
| | | | State Condition Code | |
| | | | Unpaid Principal Amount | |
| | | | Interest Amount | |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB41 | FB41004 | Statutory Mailings-(Recoverable from Borrower) | 01/21/2016 | $6.95 |
| FB40 | FB4005 | Postpone or Re-Set Sale-(Recoverable from Borrower) | 04/04/2016 | $295.00 |
| FB41 | FB4153 | Statutory Mailings-(Recoverable from Borrower) | 01/21/2016 | $0.70 |

### Summary

| | |
|---|---|
| Subtotal | $302.65 |
| Total | $302.65 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $302.65 |

# REALRemit®

## Invoice – C483952

### General Information

#### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

#### Payment Details

| | |
|---|---|
| Confirmation Number | 1668091 |
| Method | CHECK |
| Amount | $660.00 |
| Date | 12/23/2015 |

#### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Invoice Header

#### Invoice Information

| | |
|---|---|
| Invoice Number | C483952 |
| Description | 13-25602_FC01 |
| Invoice Date | 12/16/2015 |
| Invoice Receipt Date | 12/16/2015 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 12/16/2015 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB4162,Service of Process,450,|FB4162,Service of Process,210, |
| Foreclosure Module Status | Active |
| Event Name | Docket Filed |
| Event Status | Completed |
| Judicial | NO |
| FCTR Date | 10/26/2013 |

#### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | 9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |
| Interest Rate | 11.275 |
| FCO (Cumulative Fee at PO) | 1750 |
| Lien Position | 1st |
| Insured By | UC |

| | | |
|---|---|---|
| FCTR Alias | FCTR | Report Status Code | 60DY,90R,ACB,BKDC,DPV,EFPI,HNPV,LHN,LNAC,NO,NOCO,O1D,PV,RMIC,SPOC |
| FCTR Code | FC | User Hold Code | DK |
| FC Initiation Date | 10/26/2013 | Occupancy Type | D |
| FBCO | 1500.00 | Principal and Interest Amount | 917.2 |
| Event Date | 11/09/2015 | UCCC | 0 |
| Document Type | | Sale Amount Due | 67795.41 |
| | | Property Sale Date | |
| | | Other Advance | 4207.44 |
| | | Escrow Bal | -2482.87 |
| | | Hazard Suspense | 0 |
| | | Delinquent Interest Gross | |
| | | Calculated Amount | |
| | | UPI | 917.20 |
| | | FB/IB | NO |
| | | FCO Limit Configured | 1500.0 |
| | | County Details | |
| | | Pool Code | |
| | | State Condition Code | |
| | | Unpaid Principal Amount | |
| | | Interest Amount | |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| F841 | F84162 | Service of Process-(Recoverable from Borrower) | 11/23/2015 | $660.00 |

### Summary

| | |
|---|---|
| Subtotal | $660.00 |
| Total | $660.00 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $660.00 |

# REALRemit®

## Invoice – C470443

### General Information

#### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

#### Payment Details

| | |
|---|---|
| Confirmation Number | 1667078 |
| Method | CHECK |
| Amount | $2,051.74 |
| Date | 11/24/2015 |

#### Vendor Information

| | |
|---|---|
| Vendor Id | 100135349 |
| Name | Brock and Scott |
| Email | ocweninv@brockandscott.com |
| Address Line 1 | 4550 Country Club Rd |
| Address Line 2 | |
| City | Winston-Salem |
| State | North Carolina |
| ZIP Code | 27104 |
| Phone | (336) 354-1200 |

### Invoice Header

#### Invoice Information

| | |
|---|---|
| Invoice Number | C470443 |
| Description | 13-25602_FC01 |
| Invoice Date | 11/17/2015 |
| Invoice Receipt Date | 11/17/2015 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 11/17/2015 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | FB41004,Certified Return Receipt Mail,6.74,Debt Dispute Response|FB4013,Atty Fee FC through Complaint,1500,docket filed|FB4125,Appointment of Substitute Trustee,60|FB4113,Order to Docket Filing Fee Clerk,485, |

| | |
|---|---|
| Foreclosure Module Status | Active |
| Event Name | Docket Filed |
| Event Status | Completed |

#### Purchase Order Information

| | |
|---|---|
| PO Number | 3062285 |
| Description | FORECLOSURE LETTER |
| Date | 10/26/2013 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | █████9575 |
| File Number | █████9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | 917.2 |
| Unpaid Principal Balance | 81858.53 |
| Original Principal Balance | 94250 |
| Loan Type | 9 |
| Interest Rate | 11.275 |
| FCO (Cumulative Fee at PO) | 1750 |

| | |
|---|---|
| Judicial | NO |
| FCTR Date | 10/26/2013 |
| FCTR Alias | FCTR |
| FCTR Code | FC |
| FC Initiation Date | 10/26/2013 |
| FBCO | 1500.00 |
| Event Date | 11/09/2015 |
| Document Type | |

| | |
|---|---|
| Lien Position | 1st |
| Insured By | UC |
| Report Status Code | 60DY,9OR,ACB,BKDC,DPV,EFPI,HNPV,LHN,LNAC,NO,NOCO,NOUP,OID,PV,RMIC,SPOC |
| User Hold Code | DK |
| Occupancy Type | D |
| Principal and Interest Amount | 917.2 |
| UCCC | 0 |
| Sale Amount Due | 64826.47 |
| Property Sale Date | |
| Other Advance | 2155.70 |
| Escrow Bal | -2482.87 |
| Hazard Suspense | 0 |
| Delinquent Interest Gross | |
| Calculated Amount | |
| UPI | 917.20 |
| FB/IB | YES |
| FCO Limit Configured | 1500.0 |
| County Details | |
| Pool Code | |
| State Condition Code | |
| Unpaid Principal Amount | |
| Interest Amount | |

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| F840 | F84013 | Foreclosure Through Complaint-(Recoverable from Borrower) | 11/17/2015 | $1,500.00 |
| F841 | F84113 | Filing Fee Complaint-(Recoverable from Borrower) | 11/05/2015 | $485.00 |
| F841 | F841004 | Statutory Mailings-(Recoverable from Borrower) | 07/22/2015 | $6.74 |
| F841 | F84125 | Appointment of Substitute Trustee-(Recoverable from Borrower) | 11/05/2015 | $60.00 |

### Summary

| | |
|---|---|
| Subtotal | $2,051.74 |
| Total | $2,051.74 |
| Transaction Fee | $0.00 |
| Technology Fee | $0.00 |
| Net Total | $2,051.74 |

# REALRemit®

## Invoice - 61120-N

### General Information

#### Requestor Information

| | |
|---|---|
| ID | 3 |
| Name | Ocwen Loan Servicing |
| Address Line 1 | 1661 Worthington Street |
| Address Line 2 | |
| City | West Palm Beach |
| State | Florida |
| ZIP Code | 24737 |
| Phone | 561-682-8000 |

#### Payment Details

| | |
|---|---|
| Confirmation Number | 991589 |
| Method | ACH |
| Amount | $997.70 |
| Date | 05/15/2012 |

#### Vendor Information

| | |
|---|---|
| Vendor Id | 100111808 |
| Name | Law Offices of Jeffrey Nadel |
| Email | payments@jcnlaw.com |
| Address Line 1 | 4041 Powder Mill Road |
| Address Line 2 | Suite 415 |
| City | Calverton |
| State | Maryland |
| ZIP Code | 20705 |
| Phone | (240) 473-5000 |

### Invoice Header

#### Invoice Information

| | |
|---|---|
| Invoice Number | 61120-N |
| Description | |
| Invoice Date | 05/10/2012 |
| Invoice Receipt Date | 05/14/2012 |
| Invoice Type | Interim |
| Payment Terms | |
| Payment Date | 05/10/2012 |
| Invoice Status | Approved |
| Pay To | |
| Reference Account # | |
| Tracking Number | |
| Comments | |
| Foreclosure Module Status | |
| Event Name | |
| Event Status | |
| Judicial | |
| FCTR Date | |
| FCTR Alias | |

#### Purchase Order Information

| | |
|---|---|
| PO Number | 2568702 |
| Description | FORECLOSURE LETTER |
| Date | 12/02/2011 |
| Product Type | Foreclosure Letter |
| Order Type | FORECLOSURE LETTER |
| Asset Number | 9575 |
| File Number | 9575 |
| Service Transferred? | No |
| Property Close Date | |
| Unpaid Principal and Interest | |
| Unpaid Principal Balance | |
| Original Principal Balance | |
| Loan Type | |
| Interest Rate | |
| FCO (Cumulative Fee at PO) | |
| Lien Position | |
| Insured By | |
| Report Status Code | |

FCTR Code
FC Initiation Date
FBCO
Event Date
Document Type

User Hold Code
Occupancy Type
Principal and Interest Amount
UCCC
Sale Amount Due
Property Sale Date
Other Advance
Escrow Bal
Hazard Suspense
Delinquent Interest Gross
Calculated Amount
UPI
FB/IB
FCO Limit Configured                          0.0
County Details
Pool Code
State Condition Code
Unpaid Principal Amount
Interest Amount

## Invoice Details

| Expense Code | Category Code | Description | Service Date | Total |
|---|---|---|---|---|
| FB40 | FB4012 | Foreclosure Through Title Searches-(Recoverable from Borrower) | 05/03/2012 | $1,000.00 |
| FB41 | FB41004 | Statutory Mailings-(Recoverable from Borrower) | 03/22/2012 | $2.70 |

### Summary

| | |
|---|---|
| Subtotal | $1,002.70 |
| Total | $1,002.70 |
| Transaction Fee | $5.00 |
| Technology Fee | $125.00 |
| Net Total | $997.70 |

# Altisource®

| ALTISOURCE® PORTFOLIO SOLUTIONS |
|---|

| INVOICE |
|---|

| FORECLOSURE TITLE SEARCH | BILL TO | OCWEN LOAN SERVICING<br>1661 WORTHINGTON ROAD, SUITE 100<br>WEST PALM BEACH, FL 33409 |
|---|---|---|

| Invoice Date: | 23-Dec-2011 |
|---|---|
| Order #: | DMS1112-MD-271353 |
| Product: | FIR INITIAL |
| Description: | FEE TOWARDS TWO OWNER TITLE SEARCH |
| Loan Number: | ███9575 |
| Borrower Name: | Marilyn Elizabeth Howard |
| Property Address: | 4512 Spring Avenue, Halethorpe, MD 21227 (Baltimore) |
| Order Date: | 02-Dec-2011 |
| Delivered Date: | 16-Dec-2011 |
| Amount: | $325.00 |

| THANK YOU FOR YOUR BUSINESS! |
|---|

**Altisource®**

| ALTISOURCE® PORTFOLIO SOLUTIONS |
|---|

| INVOICE |
|---|

| FORECLOSURE TITLE SEARCH | BILL TO | OCWEN LOAN SERVICING<br>1661 WORTHINGTON ROAD, SUITE 100<br>WEST PALM BEACH, FL 33409 |
|---|---|---|

| Invoice Number: | 21941 |
|---|---|
| Invoice Date: | 02-Apr-2014 |
| Order #: | DMS1403-MD-1608324 |
| Product: | FIR INITIAL |
| Description: | FEE TOWARDS TWO OWNER TITLE SEARCH |
| Loan Number: | ████9575 |
| Borrower Name: | Marilyn Howard |
| Property Address: | 4512 Spring Avenue, Halethorpe, MD 21227 (Baltimore) |
| Order Date: | 28-Mar-2014 |
| Delivered Date: | 08-Apr-2014 |
| Amount: | $325.00 |

| THANK YOU FOR YOUR BUSINESS! |
|---|



**Altisource**
YOUR ONE SOURCE

| **Altisource Solutions** |
| 1000 Abernathy Road NE, Suite 200 \| Atlanta, Georgia  30348-5460 |
| Ph: 7706127007  Email: TSSBilling@altisource.com |

| **INVOICE** |

| FORECLOSURE TITLE SEARCH | BILL TO | Ocwen Loan Servicing<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409 |

| | |
|---|---|
| Invoice Number: | 23194 |
| Invoice Date: | 25-Jan-2016 |
| Order #: | DMS1601-MD-2881417 |
| Product: | FIR INITIAL |
| Description: | FEE TOWARDS TWO OWNER TITLE SEARCH |
| Loan Number: | ████9575 |
| Borrower Name: | Roy Bostick |
| Property Address: | 4512 Spring Avenue, Halethorpe, MD  21227 (Baltimore) |
| Order Date: | 22-Jan-2016 |
| Delivered Date: | 28-Jan-2016 |
| Amount: | $282.00 |

| **Thank you for your business!** |

# ALTISOURCE SOLUTIONS S. À R.L

**INVOICE**

291, Route d'Arlon
L-1150 Luxembourg
Luxembourg

INVOICE #
DATE: 5/24/2013

ORDER NUMBER: 9575
REQUESTED DATE: **5/20/2013**
COMPLETED DATE: **5/23/2013**

**TO:**

**Ocwen Loan Servicing**

1661 Worthington Road, Ste. 100
West Palm Beach, FL  33409

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|-----|-------------|------------|--------|
|  |  |  |  |
| 1 | Ocwen BPO |  |  |
|  | Borrower Name:   Marilyn Elizabeth Howard |  |  |
|  | Property Address : 4512 Spring Ave, Halethorpe, MD, 21227 | $102.00 | $102.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  | TOTAL | $102.00 | $102.00 |

**Instructions:**

**Thank you for your business!**

# ALTISOURCE SOLUTIONS S. À R.L

# INVOICE

291, Route d'Arlon
L-1150 Luxembourg
Luxembourg

INVOICE : ▮▮▮▮▮▮▮
DATE: 1/14/2013

ORDER NUMBER: ▮▮▮▮9575▮▮▮
REQUESTED DATE: **1/5/2013**
COMPLETED DATE: **1/12/2013**

TO:

**Ocwen Loan Servicing**

1661 Worthington Road, Ste. 100
West Palm Beach, FL  33409

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
|  |  |  |  |
| 1 | Ocwen BPO |  |  |
|  | Borrower Name:   Marilyn Elizabeth Howard |  |  |
|  | Property Address : 4512 Spring Ave, Halethorpe, MD, 21227 | $102.00 | $102.00 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  | TOTAL | $102.00 | $102.00 |

**Instructions:**

**Thank you for your business!**

# ALTISOURCE SOLUTIONS S. À R.L

# INVOICE

291, Route d'Arlon
L-1150 Luxembourg
Luxembourg

INVOICE
DATE: 8/30/2012

ORDER NUMBER: 9575
REQUESTED DATE: **8/27/2012**
COMPLETED DATE: **8/31/2012**

TO:

**Ocwen Loan Servicing**

1661 Worthington Road, Ste. 100
West Palm Beach, FL  33409

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|-----|-------------|------------|--------|
| | | | |
| 1 | Ocwen BPO | | |
| | Borrower Name:   Marilyn Elizabeth Howard | | |
| | Property Address : 4512 Spring Ave, Halethorpe, MD, 21227 | $102.00 | $102.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL | $102.00 | $102.00 |

Instructions:

**Thank you for your business!**

# ALTISOURCE SOLUTIONS S. À R.L

**INVOICE**

291, Route d'Arlon
L-1150 Luxembourg
Luxembourg

INVOICE #
DATE: 4/18/2012

ORDER NUMBER: 9575
REQUESTED DATE: **4/14/2012**
COMPLETED DATE: **4/21/2012**

**TO:**

**Ocwen Loan Servicing**

1661 Worthington Road, Ste. 100
West Palm Beach, FL  33409

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|-----|-------------|------------|--------|
|     |             |            |        |
| 1   | Ocwen BPO   |            |        |
|     | Borrower Name:   Marilyn Elizabeth Howard |            |        |
|     | Property Address : 4512 Spring Ave, Halethorpe, MD, 21227 | $102.00 | $102.00 |
|     |             |            |        |
|     |             |            |        |
|     |             |            |        |
|     |             |            |        |
|     |             |            |        |
|     |             |            |        |
|     | TOTAL | $102.00 | $102.00 |

**Instructions:**

**Thank you for your business!**

# ALTISOURCE SOLUTIONS S. À R.L

**INVOICE**

291, Route d'Arlon
L-1150 Luxembourg
Luxembourg

INVOICE #: ███████
DATE: 11/23/2011

ORDER NUMBER: ███████ 9575 ██
REQUESTED DATE: **11/25/2011**
COMPLETED DATE: **11/23/2011**

TO:

**Ocwen Loan Servicing**

1661 Worthington Road, Ste. 100
West Palm Beach, FL  33409

| QTY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| | | | |
| 1 | Ocwen BPO | | |
| | Borrower Name:   Marilyn Elizabeth Howard | | |
| | Property Address : 4512 Spring Ave, Halethorpe, MD, 21227 | $102.00 | $102.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TOTAL | $102.00 | $102.00 |

**Instructions:**

**Thank you for your business!**



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

---

04/18/2017                                                                          Loan Number: ███9575

Marilyn Elizabeth Howard
Roy Bostick
20 CROSSWAYS PARK DR N STE 210 C/O ARONOW LAW, P. C.
WOODBURY, NY 11797-2007

Property Address: 4512 Spring Ave
Halethorpe, MD 21227-4532

## Annual Escrow Account Disclosure Statement
## Bankruptcy Account History

Dear Borrower(s),

The enclosed update follows notice of your involvement in a bankruptcy petition, filed on 11/18/2016, under Chapter 13 of the Bankruptcy Code.

**This notice relates to the <u>pre-petition</u> escrow payments and disbursements only.**

**Important Notices**
Please contact us at once if you are <u>not</u> the subject of a Chapter 13 proceeding or plan.
If you have filed for any other bankruptcy protection or received an Order of Discharge in a Chapter 7 bankruptcy case or received any other discharge under the U.S. Bankruptcy Code that applies to this property, please be advised that this notice is for informational purposes only and not intended as an attempt to collect a debt against you personally.

**Analysis Period.** This statement includes actual and scheduled activity in the escrow account from June 2010 through November 2016.
An "s" indicates "scheduled payment".

The monthly mortgage payment in the amount of $1,403.17 of which $917.20 was for principal and interest and $485.97 was allocated to the escrow account.

| Actual Month | Projected Payments To Escrow | Actual Payments To Escrow | Projected Payments From Escrow | Actual Payments From Escrow | Description | Projected Ending Balance | Actual Ending Balance |
|---|---|---|---|---|---|---|---|
| Beginning Balance | | | | | | $0.00 | $0.00 |
| Jun-2010 | | | | | | | |
| Jul-2010 | | | | | | | |

NMLS # 1852                                                                           BKF_ACCTHISTM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



# Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

| Actual Month | Projected Payments To Escrow | Actual Payments To Escrow | Projected Payments From Escrow | Actual Payments From Escrow | Description | Projected Ending Balance | Actual Ending Balance |
|---|---|---|---|---|---|---|---|
| Aug-2010 | | | | | | | |
| Sep-2010 | | | | | | | |
| Oct-2010 | | | | | | | |
| Nov-2010 | | | | | | | |
| Dec-2010 | | | | | | | |
| Jan-2011 | | | | | | | |
| Feb-2011 | | | | | | | |
| Mar-2011 | | | | | | | |
| Apr-2011 | | | | | | | |
| May-2011 | | | | | | | |
| Jun-2011 | | | | | | | |
| *Jul-2011 | | | | $367.87 | Escrow balance adjustment | | $-367.87 |
| Aug-2011 | | | | | | | $-367.87 |
| Sep-2011 | | | | | | | $-367.87 |
| Oct-2011 | | | | | | | $-367.87 |
| Nov-2011 | | | | | | | $-367.87 |
| Dec-2011 | | | | | | | $-367.87 |
| Jan-2012 | | | | | | | $-367.87 |
| Feb-2012 | | | | | | | $-367.87 |
| Mar-2012 | | | | | | | $-367.87 |
| Apr-2012 | | | | | | | $-367.87 |
| May-2012 | | | | | | | $-367.87 |
| Jun-2012 | | | | | | | $-367.87 |
| Jul-2012 | | | | | | | $-367.87 |
| Aug-2012 | | | | | | | $-367.87 |
| Sep-2012 | | | | | | | $-367.87 |
| Oct-2012 | | | | | | | $-367.87 |
| Nov-2012 | | | | | | | $-367.87 |

NMLS # 1852

BKF_ACCTHISTM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



### Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

| Actual Month | Projected Payments To Escrow | Actual Payments To Escrow | Projected Payments From Escrow | Actual Payments From Escrow | Description | Projected Ending Balance | Actual Ending Balance |
|---|---|---|---|---|---|---|---|
| Dec-2012 | | | | | | | $-367.87 |
| Jan-2013 | | | | | | | $-367.87 |
| Feb-2013 | | | | | | | $-367.87 |
| Mar-2013 | | | | | | | $-367.87 |
| Apr-2013 | | | | | | | $-367.87 |
| May-2013 | | | | | | | $-367.87 |
| Jun-2013 | | | | | | | $-367.87 |
| Jul-2013 | | | | | | | $-367.87 |
| Aug-2013 | | | | | | | $-367.87 |
| Sep-2013 | | | | | | | $-367.87 |
| Oct-2013 | | | | | | | $-367.87 |
| Nov-2013 | | | | | | | $-367.87 |
| Dec-2013 | | | | | | | $-367.87 |
| Jan-2014 | | | | | | | $-367.87 |
| Feb-2014 | | | | | | | $-367.87 |
| Mar-2014 | | | | | | | $-367.87 |
| Apr-2014 | | | | | | | $-367.87 |
| May-2014 | | | | | | | $-367.87 |
| Jun-2014 | | | | | | | $-367.87 |
| Jul-2014 | | | | | | | $-367.87 |
| Aug-2014 | | | | | | | $-367.87 |
| Sep-2014 | | | | | | | $-367.87 |
| Oct-2014 | | | | | | | $-367.87 |
| Nov-2014 | | | | | | | $-367.87 |
| Dec-2014 | | | | | | | $-367.87 |
| Jan-2015 | | | | | | | $-367.87 |
| Feb-2015 | | | | | | | $-367.87 |
| Mar-2015 | | | | | | | $-367.87 |
| Apr-2015 | | | | | | | $-367.87 |
| May-2015 | | | | | | | $-367.87 |

NMLS # 1852

BKF_ACCTHISTM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## OCWEN Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

| Actual Month | Projected Payments To Escrow | Actual Payments To Escrow | Projected Payments From Escrow | Actual Payments From Escrow | Description | Projected Ending Balance | Actual Ending Balance |
|---|---|---|---|---|---|---|---|
| Jun-2015 | | | | | | | $-367.87 |
| Jul-2015 | | | | | | | $-367.87 |
| Aug-2015 | | | | | | | $-367.87 |
| *Sep-2015 | | | | $2,115.00 | Lender placed hazard insurance (Parcel# OHZ0124203) | | $-2,482.87 |
| Oct-2015 | | | | | | | $-2,482.87 |
| Nov-2015 | | | | | | | $-2,482.87 |
| Dec-2015 | $485.97-s | | | | | $485.97 | $-1,996.90 |
| Jan-2016 | $485.97-s | | | | | $971.94 | $-1,510.93 |
| Feb-2016 | $485.97-s | | | | | $1,457.91 | $-1,024.96 |
| Mar-2016 | $485.97-s | | | | | $1,943.88 | $-538.99 |
| Apr-2016 | $485.97-s | | | | | $2,429.85 | $-53.02 |
| May-2016 | $485.97-s | | | | | $2,915.82 | $432.95 |
| *Jun-2016 | $485.97-s | | | $2,115.00 | Lender placed hazard insurance (Parcel# GEA0007043) | $3,401.79 | $-1,196.08 |
| Jul-2016 | $485.97-s | | | | | $3,887.76 | $-710.11 |
| Aug-2016 | $485.97-s | | | | | $4,373.73 | $-224.14 |
| Sep-2016 | $485.97-s | | | | | $4,859.70 | $261.83 |
| Oct-2016 | $485.97-s | | | | | $5,345.67 | $747.80 |
| *Nov-2016 | $485.97-s | | | | | $5,831.64 | $1,233.77 |
| TOTALS | $5,831.64 | $0.00 | $0.00 | $4,597.87 | | | |

An asterisk (*) indicates a difference from a previous estimate either in the date or the amount. An "s" indicates "scheduled payment".

Projected Payments - Last year, we projected that payments made from the escrow account would total $0.00. Under Federal law (RESPA), with projected payments of $0.00 the lowest monthly balance should not {exceed / fall below} $0.00 or 1/6 of anticipated payments from the account.

NMLS # 1852                                                                                                    BKF_ACCTHISTM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

---

Summary of Actual Payments Made from Escrow (as shown above): $0.00 for property taxes, $367.87 for Escrow balance adjustment, $2,115.00 for Lender placed hazard insurance (Parcel# GEA0007043), $2,115.00 for Lender placed hazard insurance (Parcel# OHZ0124203). Please review the details carefully. If any details appear incorrect, please contact us.

*Note – **POC Escrow Shortage Adjustment** – This transaction reflects credit adjustments made by Ocwen with regard to pre-petition escrow shortage identified at the time of the bankruptcy filing and placed in the Proof of Claim filed by Ocwen and on the Claims Register of the case. Ocwen advances the pre-petition escrow shortage funds to the account so they do not become part of any ongoing post-petition escrow payments and to prevent a "double-dip." All pre-petition escrow shortage funds advanced are repaid as part of Ocwen's Proof of Claim arrearage as per the confirmed plan in the case. If the bankruptcy case is dismissed for any reason or if Ocwen obtains an Order from the Court granting it Relief from the Automatic Stay, any outstanding amounts owed for the pre-petition escrow shortage as stated in Ocwen's Proof of Claim that are not repaid prior to the said dismissal or relief order, will be added back to the outstanding escrow balance on the account.

---

NMLS # 1852                                                                                                    BKF_ACCTHISTM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

---

04/18/2017                                                        Loan Number: ███9575

Marilyn Elizabeth Howard
Roy Bostick
20 CROSSWAYS PARK DR N STE 210 C/O ARONOW LAW, P. C.
WOODBURY, NY 11797-2007

Property Address: 4512 Spring Ave
Halethorpe, MD 21227-4532

Analysis Date: 04/18/2017

### ESCROW ACCOUNT DISCLOSURE STATEMENT − BANKRUPTCY

Dear Borrower(s),

The enclosed update follows notice of your involvement in a bankruptcy petition, filed on 11/18/2016, under Chapter 13 of the Bankruptcy Code.

This notice relates to the pre-petition escrow deficiency and shortages only.

**Important Notices**
Please contact us at once if you are <u>not</u> the subject of a Chapter 13 proceeding or plan.
If you have filed for any other bankruptcy protection or received an Order of Discharge in a Chapter 7 bankruptcy case or received any other discharge under the U.S. Bankruptcy Code that applies to this property, please be advised that this notice is for informational purposes only and not intended as an attempt to collect a debt against you personally.

| | |
|---|---|
| Escrow Balance as of the Date of Bankruptcy Filing 11/18/2016 | $1,233.77 |
| Escrow Due for Disbursement in the Month of Bankruptcy Filing Nov 2016 | $0.00 |
| Pre-Petition Escrow Shortage | $0.00 |
| Amount to be Part of the Proof Of Claim − Pre-Petition Escrow Due | $0.00 |
| Post- Petition Escrow Balance as of the Date of Bankruptcy Filing | $1,233.77 |

---

NMLS # 1852                                                        BKPOC_SURPLUSM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

| Description of Next Disbursement | Due Date of Next Disbursement | Estimated Amount(s) of Next Disbursement |
|---|---|---|
| Lender placed hazard insurance (Parcel# GEA0007043) | Jun 2017 | $2,115.00 |
| Total Annual Disbursements | | $2,115.00 |

| | | |
|---|---|---|
| Target Escrow Payment | $176.25  =  (1/12th of $2,115.00) | |
| Starting Escrow Balance Needed as of Dec 2016 | $1,233.75 | |

| Month | Projected Payments To Escrow | Projected Payments From Escrow | Description | Projected Ending Balance | Required Bal Projections |
|---|---|---|---|---|---|
| Beginning Balance | | | | $1,233.77 | $1,233.75 |
| Dec-2016 | $176.25 | | | $1,410.02 | $1,410.00 |
| Jan-2017 | $176.25 | | | $1,586.27 | $1,586.25 |
| Feb-2017 | $176.25 | | | $1,762.52 | $1,762.50 |
| Mar-2017 | $176.25 | | | $1,938.77 | $1,938.75 |
| Apr-2017 | $176.25 | | | $2,115.02 | $2,115.00 |
| May-2017 | $176.25 | | | $2,291.27 | $2,291.25 |
| Jun-2017 | $176.25 | $2,115.00 | Lender placed hazard insurance (Parcel# GEA0007043) | $352.52 | $352.50(Cushion) |
| Jul-2017 | $176.25 | | | $528.77 | $528.75 |
| Aug-2017 | $176.25 | | | $705.02 | $705.00 |
| Sep-2017 | $176.25 | | | $881.27 | $881.25 |
| Oct-2017 | $176.25 | | | $1,057.52 | $1,057.50 |
| Nov-2017 | $176.25 | | | $1,233.77 | $1,233.75 |
| TOTALS= | $2,115.00 | $2,115.00 | | | |

**Escrow cushion and potential escrow shortage**

In the event there is a tax and/or insurance increase over the coming escrow year, Federal law (RESPA) allows additional funds to be held to prevent the escrow account from being overdrawn.

This additional amount, which is called a cushion, may be up to 1/6th of the total payments to be made from the escrow account for the coming escrow year.

To avoid a shortage, the escrow balance should not fall below the cushion amount at any time during the coming escrow year.

NMLS # 1852

BKPOC_SURPLUSM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

---

### Escrow Account Projections

**Total Anticipated Payments.** The anticipated payments from escrow for the coming year total $2,115.00.

**Required Escrow Cushion/Minimum Balance.** The required cushion amount is $352.50 (1/6 of $2,115.00).

Expected Balance Deficiency - According to the projections for the coming year, the expected escrow balance is $1,233.75, so there is an escrow balance surplus of $0.02 (this balance equals the total amount paid into escrow minus the total amount of money to be paid out this year) which is less than $50.00, we are retaining it to reduce your monthly escrow payment by $0.00 (1/12th of $0.02).

the first monthly mortgage payment for the coming escrow year, beginning with the payment due on 12/01/2016, will be $1,093.45 of which $917.20 will be for principal and interest and $176.25 will go into the escrow account.

If you have any questions in this regard, please do not hesitate to contact us.

Please contact our Customer Care Center at (888) 554-6599. Representatives are available to answer your questions Monday through Friday 8:00 am to 9:00 pm ET.

Fax in Attention: Escrow department Fax number: (561) 682-7875.

**Mailing Address :**
Ocwen Loan Servicing LLC
Attn : Escrow Department.
P.O. Box 24737
West Palm Beach, FL 33416

Sincerely,
Loan Servicing

---

NMLS # 1852

BKPOC_SURPLUSM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

04/18/2017

Loan Number:█████9575

Marilyn Elizabeth Howard
Roy Bostick
20 CROSSWAYS PARK DR N STE 210 C/O ARONOW LAW, P. C.
WOODBURY, NY 11797-2007

Property Address: 4512 Spring Ave
Halethorpe, MD 21227-4532

Analysis Date: 04/18/2017

Dear Borrower(s),

### ESCROW ACCOUNT DISCLOSURE STATEMENT - BANKRUPTCY
## Post-petition Projections for the Coming Year

The enclosed update follows notice of your involvement in a bankruptcy petition, filed on 11/18/2016, under Chapter 13 of the Bankruptcy Code.

**This statement relates to the <u>post-petition</u> escrow payments and disbursements only.**

**<u>Important Notices</u>**
Please contact us right away if you are <u>not</u> the subject of a Chapter 13 proceeding or plan.
If you have filed for any other bankruptcy protection or received an Order of Discharge in a Chapter 7 bankruptcy case or received any other discharge under the U.S. Bankruptcy Code that applies to this property, please be advised that this notice is for informational purposes only and not intended as an attempt to collect a debt against you personally.

Post-Petition Escrow Balance as of the Date of Bankruptcy Filing: $1,233.77

| Description of Next Disbursement | Due Date of Next Disbursement | Estimated Amount(s) of Next Disbursement |
|---|---|---|
| Lender placed hazard insurance (Parcel# GEA0007043) | Jun 2017 | $2,115.00 |
| Total Annual Disbursements | | $2,115.00 |

| Target Escrow Payment | $176.25 = (1/12th of $2,115.00) |
|---|---|

NMLS # 1852

BKF_SURPLUSM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## OCWEN Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

| Starting Escrow Balance Needed as of Dec 2016 | $1,233.75 |
|---|---|

| Month | Projected Payments To Escrow | Projected Payments From Escrow | Description | Projected Ending Balance | Required Bal Projections |
|---|---|---|---|---|---|
| Beginning Balance | | | | $1,233.77 | $1,233.75 |
| Dec-2016 | $176.25 | | | $1,410.02 | $1,410.00 |
| Jan-2017 | $176.25 | | | $1,586.27 | $1,586.25 |
| Feb-2017 | $176.25 | | | $1,762.52 | $1,762.50 |
| Mar-2017 | $176.25 | | | $1,938.77 | $1,938.75 |
| Apr-2017 | $176.25 | | | $2,115.02 | $2,115.00 |
| May-2017 | $176.25 | | | $2,291.27 | $2,291.25 |
| Jun-2017 | $176.25 | $2,115.00 | Lender placed hazard insurance (Parcel# GEA0007043) | $352.52 | $352.50(Cushion) |
| Jul-2017 | $176.25 | | | $528.77 | $528.75 |
| Aug-2017 | $176.25 | | | $705.02 | $705.00 |
| Sep-2017 | $176.25 | | | $881.27 | $881.25 |
| Oct-2017 | $176.25 | | | $1,057.52 | $1,057.50 |
| Nov-2017 | $176.25 | | | $1,233.77 | $1,233.75 |
| TOTALS= | $2,115.00 | $2,115.00 | | | |

## Escrow cushion and potential escrow shortage

In the event there is a tax and/or insurance increase over the coming escrow year, Federal law (RESPA) allows additional funds to be held to prevent the escrow account from being overdrawn.

This additional amount, which is called a cushion, may be up to $1/6^{th}$ of the total payments to be made from the escrow account for the coming escrow year.

To avoid a shortage, the escrow balance should not fall below the cushion amount at any time during the coming escrow year.

## Escrow Account Projections

**Total Anticipated Payments.** The anticipated payments from escrow for the coming year total $2,115.00.

**Required Escrow Cushion/Minimum Balance.** The required cushion amount is $352.50 (1/6 of $2,115.00).

Expected Balance Deficiency - According to the projections for the coming year, the expected escrow balance is $1,233.75, so there is an escrow balance surplus of $0.02 (this balance equals the total amount paid into escrow minus the total amount of money to be paid out this year) which is less than $50.00, we are retaining it to reduce your monthly escrow payment by $0.00 (1/12th of $0.02).

NMLS # 1852         BKF_SURPLUSM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

the first monthly mortgage payment for the coming escrow year, beginning with the payment due on 12/01/2016, will be $1,093.45 of which $917.20 will be for principal and interest and $176.25 will go into the escrow account.

If you have any questions in this regard, please do not hesitate to contact us.

Please contact our Customer Care Center at (888) 554-6599. Representatives are available to answer your questions Monday through Friday 8:00 am to 9:00 pm ET.

Fax in Attention: Escrow department Fax number: (561) 682-7875.


**Mailing Address :**
Ocwen Loan Servicing LLC
Attn : Escrow Department.
P.O. Box 24737
West Palm Beach, FL 33416


Sincerely,
Loan Servicing

NMLS # 1852                                                                                    BKF_SURPLUSM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

0017564 196

WHEN RECORDED MAIL TO:
MORTGAGE EDGE CORPORATION
6862 ELM STREET, SUITE 800
McLEAN, VIRGINIA 22101

ATTN: QUALITY CONTROL

PLEASE RETURN TO:
MID-ATLANTIC SETTLEMENT SERVICES, INC.
3635 OLD COURT ROAD, SUITE 203
BALTIMORE, MD 21208
(410) 602-1350

[Space Above This Line For Recording Data]

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on APRIL 12, 1996 .The grantor is
MARILYN ELIZABETH HOWARD, AN UNMARRIED WOMAN AND ROY BOSTICK, ~~AN UNMARRIED MAN~~ *Widower meh*
*R.B*

("Borrower").

The trustee is STEPHEN J. THOMPSON OF FAIRFAX COUNTY. ("Trustee").
The beneficiary is MORTGAGE EDGE CORPORATION, A DELAWARE CORPORATION
which is organized and existing under the laws of DELAWARE , and whose address is
6862 ELM STREET, SUITE 800  McLEAN, VIRGINIA 22101 ("Lender").
Borrower owes Lender the principal sum of NINETY FOUR THOUSAND TWO HUNDRED FIFTY AND
00/100 Dollars (U.S. $94,250.00 ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on MAY 1, 2011 . This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions
and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the
security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements. For this purpose,
Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in
BALTIMORE County, Maryland:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".

```
IMP FD SURE $        5.00
RECORDING FEE       20.00
RECORDATION T      472.50
TOTAL              497.50
Rcd# 0405   Rcpt # 14576
SN   EN    Blk # 235
May 03, 1996      01:06 PM
```

THE TERMS OF THIS LOAN CONTAIN PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY.

which has the address of  4512 SPRING AVENUE, HALETHORPE
[Street, City]
Maryland         21227              ("Property Address");
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by
this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to
grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants
and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the
principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

Init. *Mch*    Init. *R.B*    Init. _____    Init. _____    Init. _____    Init. _____

**MARYLAND**-Single Family
Page 1 of 6                                                                              MDD10011 (09-30-93)

Date: APRIL 12, 1996

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender.
Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, or applicable Law otherwise requires, insurance proceeds shall be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining any such insurance proceeds, and then, at Lender's option, in such order and proportion as Lender may determine in its sole and absolute discretion, and regardless of any impairment of security or lack thereof: (i) to the sums secured by this Security Instrument, whether or not then due, and to such components thereof as Lender may determine in its sole and absolute discretion; and/or (ii) to Borrower to pay the costs and expenses of necessary repairs or restoration of the Property to a condition satisfactory to Lender. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, Lender may collect the insurance proceeds. Lender may, in its sole and absolute discretion, and regardless of any impairment of security or lack thereof, use the proceeds to repair or restore the Property or to pay the sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security

Init. _____  Init. _Meb_  Init. _K. B_  Init. _____  Init. _____  Init. _____

MDD10012 (07-13-93)

Instrument immediately prior to the acquisition.

If Borrower obtains earthquake insurance, any other hazard insurance, or any other insurance on the Property and such insurance is not specifically required by Lender, then such insurance shall (i) name Lender as loss payee thereunder, and (ii) be subject to the provisions of this paragraph 5.

**6. Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

Borrower shall, at Borrower's own expense, appear in and defend any action or proceeding purporting to affect the Property or any portion thereof or Borrower's title thereto, the validity or priority of the lien created by this Security Instrument, or the rights or powers of Lender or Trustee with respect to this Security Instrument or the Property. All causes of action of Borrower, whether accrued before or after the date of this Security Instrument, for damage or injury to the Property or any part thereof, or in connection with any transaction financed in whole or in part by the proceeds of the Note or any other note secured by this Security Instrument, by Lender, or in connection with or affecting the Property or any part thereof, including causes of action arising in tort or contract and causes of action for fraud or concealment of a material fact, are, at Lender's option, assigned to Lender, and the proceeds thereof shall be paid directly to Lender who, after deducting therefrom all its expenses, including reasonable attorneys' fees, may apply such proceeds to the sums secured by this Security Instrument or to any deficiency under this Security Instrument or may release any monies so received by it or any part thereof, as Lender may elect. Lender may, at its option, appear in and prosecute in its own name any action or proceeding to enforce any such cause of action and may make any compromise or settlement thereof. Borrower agrees to execute such further assignments and any other instruments as from time to time may be necessary to effectuate the foregoing provisions and as Lender shall request.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate in effect from time to time and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Lender may apply, use or release the condemnation proceeds in the same manner as provided in paragraph 5 hereof with respect to insurance proceeds.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

Init. _Mch_   Init. _L.00_   Init. _____   Init. _____   Init. _____   Init. _____

Page 3 of 6

MDD10013 (10-11-93)

Date: APRIL 12, 1996

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one confirmed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law. The holder of the Note and this Security Instrument shall be deemed to be the Lender hereunder.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

Borrower shall be solely responsible for, shall indemnify, defend and hold harmless Lender, its directors, officers, employees, attorneys, agents, and their respective successors and assigns, from and against any and all claims, demands, causes of action, loss, damage, cost (including actual attorneys' fees and court costs and costs of any required or necessary repair, cleanup or detoxification of the Property and the preparation and implementation of any closure, abatement, containment, remedial or other required plan), expenses and liability directly or indirectly arising out of or attributable to (a) the use, generation, storage, release, threatened release, discharge, disposal, abatement or presence of Hazardous Substances on, under or about the Property, (b) the transport to or from the Property of any Hazardous Substances, (c) the violation of any Hazardous Substances law, and (d) any Hazardous Substances claims.

Init. _Meh_     Init. _Bill_     Init. _____     Init. _____     Init. _____     Init. _____

Page 4 of 6                                                                                                    MDD10014 (07-13-93)

Date: APRIL 12, 1996

, As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**ADDITIONAL COVENANTS.** Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies.** If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other deed of trust or other instrument secured by the Property, all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall mail or cause Trustee to mail a notice of sale to Borrower in the manner prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, Trustee's fees of      5.000% of the gross sale price and reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

Borrower, in accordance with Subtitle W of the Maryland Rules of Procedure, does hereby declare and assent to the passage of a decree to sell the Property in one or more parcels by the equity court having jurisdiction for the sale of the Property, and consents to the granting to any trustee appointed by the assent to decree of all the rights, powers and remedies granted to the Trustee in this Security Instrument together with any and all rights, powers and remedies granted by the decree. Neither the assent to decree nor the power of sale granted in this paragraph 21 shall be exhausted in the event the proceeding is dismissed before the payment in full of all sums secured by this Security Instrument.

**22. Release.** Upon payment of all sums secured by this Security Instrument, Lender or Trustee, shall release this Security Instrument without charge to Borrower and mark the Note "paid" and return the Note to Borrower. Borrower shall pay any recordation costs.

**23. Substitute Trustee.** Lender at its option may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the city or county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**24. Possession of the Property.** Borrower shall have possession of the Property until Lender has given Borrower notice of default pursuant to paragraph 21 of this Security Instrument.

**25. Misrepresentation and Nondisclosure.** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which this Security Instrument secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice or demand, shall have the right to declare the indebtedness secured by this Security Instrument, irrespective of the maturity date specified in the Note or notes secured by this Security Instrument, immediately due and payable. To the extent permitted by applicable law, Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder.

**26. Time is of the Essence.** Time is of the essence in the performance of each provision of this Security Instrument.

**27. Waiver of Statute of Limitations.** The pleading of the statute of limitations as a defense to enforcement of this Security Instrument, or any and all obligations referred to herein or secured hereby, is hereby waived to the fullest extent permitted by applicable law.

**28. Modification.** This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender or lawful successors in interest.

**29. Reimbursement.** To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend or sustain in the execution of the trust created hereunder or in the performance of any act required or permitted hereunder or by law or in equity or otherwise arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument. To the extent permitted by applicable law, Borrower shall pay to Trustee and Lender their fees in connection with Trustee and Lender providing documents or services arising out of or in connection with this Security Instrument, the Note, any other note secured by this Security Instrument or any other instrument executed by Borrower in connection with the Note or Security Instrument.

**30. Clerical Error.** In the event Lender at any time discovers that the Note, any other note secured by this Security Instrument, the Security Instrument, or any other document or instrument executed in connection with the Security Instrument, Note or notes contains an error that was caused by a clerical mistake, calculation error, computer malfunction, printing error or similar error, Borrower agrees, upon notice from Lender, to reexecute any documents that are necessary to correct any such error(s). Borrower further agrees that Lender will not be liable to Borrower for any damages incurred by Borrower that are directly or indirectly caused by any such error.

Init. _MCh_    Init. _K.B_    Init. _____    Init. _____    Init. _____    Init. _____

MDD10015 (07-13-93)

011564 201                    Date: APRIL 12, 1996

**31. Lost Stolen, Destroyed or Mutilated Security Instrument and Other Documents.** In the event of the loss, theft or destruction of the Note, any other note secured by this Security Instrument, the Security Instrument or any other documents or instruments executed in connection with the Security Instrument, Note or notes (collectively, the "Loan Documents"), upon Borrower's receipt of an indemnification executed in favor of Borrower by Lender, or, in the event of the mutilation of any of the Loan Documents, upon Lender's surrender to Borrower of the mutilated Loan Document, Borrower shall execute and deliver to Lender a Loan Document in form and content identical to, and to serve as a replacement of, the lost, stolen, destroyed, or mutilated Loan document, and such replacement shall have the same force and effect as the lost, stolen, destroyed, or mutilated Loan document, and may be treated for all purposes as the original copy of such Loan Document.

**32. Assignment of Rents.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property. Borrower shall have the right to collect and retain the rents of the Property as they become due and payable provided Lender has not exercised its rights to require immediate payment in full of the sums secured by this Security instrument and Borrower has not abandoned the Property.

**33. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider          ☐ Condominium Rider                    ☐ 1-4 Family Rider
☒ No Prepayment Penalty Option Rider  ☐ Planned Unit Development Rider   ☒ Occupancy Rider
☐ Other(s) (specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_Michelle R. Scarlatta_
(as to both)

_Marilyn Elizabeth Howard_
MARILYN ELIZABETH HOWARD

_____ (Seal)     _Roy Bostick_ _____ (Seal)
                       -Borrower   ROY BOSTICK                          -Borrower

_____ (Seal)     _____ (Seal)
                       -Borrower                          -Borrower

_____ (Seal)     _____ (Seal)
                       -Borrower                          -Borrower

STATE OF MARYLAND,   Baltimore   County ss:
I Hereby Certify, That on this 12th day of April , 1996 , before me, the subscriber, a Notary Public of the State of Maryland, in and for the                        , personally appeared
MARILYN ELIZABETH HOWARD, ROY BOSTICK

known to me or satisfactorily proven to be the person(s) whose name(s) subscribed to the within instrument and acknowledge that he executed the same for the purposes therein contained.
AS WITNESS: my hand and notarial seal.
My Commission Expires:
6/16/96                                    _Michelle R. Scarlatta_
                                           Notary Public

STATE OF Maryland ,   Baltimore   County ss:
I Hereby Certify, That on this 12th day of April , 1996 , before me, the subscriber, a Notary Public of the State of Md     and for the County of Baltimore            , personally appeared
Michael A. Perry

the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party or parties secured by the Deed of Trust to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time not later than the execution and delivery by the Borrower of this Deed of Trust; and also made oath that he is the agent of the party or parties secured and is duly authorized to make this affidavit.
AS WITNESS: my hand and notarial seal.
My Commission Expires:
6/16/96                                    _Michelle R. Scarlatta_
                                           Notary Public

This is to certify that this document was prepared under the supervision of
one of the parties named in the instrument.

_____
For
_____

Page 6 of 6                                              MDD10016 (07-13-93)

0011564 202

# EXHIBIT A

BEGINNING FOR THE FIRST on the north side of Spring Avenue at the distance of two hundred twenty-seven feet westerly from the northwest corner of Spring Avenue and Northeast Avenue said point of beginning being at the end of the third line of a two acre lot of ground heretofore conveyed to George Eyerly thence bounding on the north side of Spring Avenue south seventy-seven degrees west one hundred thirteen feet six inches thence parallel with Northeast Avenue north three degrees east four hundred feet thence parallel with Spring Avenue north seventy-seven degrees east one hundred thirteen feet six inches to said two acre lot and thence bounding on the same south three degrees west four hundred feet to the place of beginning.

0011564 203 Date: APRIL 12, 1996

## OCCUPANCY RIDER
### PRIMARY/SECONDARY HOME

THIS OCCUPANCY RIDER is made APRIL 12, 1996 , and is incorporated into and amends and supplements the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's note to MORTGAGE EDGE CORPORATION, A DELAWARE CORPORATION

(the "Lender")

of the same date (the "Note") and covering the property described in the Security Instrument and located at

4512 SPRING AVENUE, HALETHORPE, MARYLAND 21227
(Property Address)

### OCCUPANCY AGREEMENTS

In addition to the covenants and agreements made in the Security Instrument, Borrower further covenants and agrees as follows:

1. Borrower acknowledges that the Lender does not desire to make a loan to Borrower secured by this property on the terms contained in the Note unless the property is to be occupied by Borrower as Borrower's primary/secondary residence. Lender makes non-owner residence loans on different terms.

2. The Borrower desires Lender to make this loan to Borrower.

3. Borrower promises and assures Lender that Borrower intends to occupy this property as Borrower's primary/secondary residence and that Borrower will so occupy this property as its sole primary/secondary residence within sixty (60) days after the date of the Security Instrument.

4. If Borrower breaches this promise to occupy the property as Borrower's primary/secondary residence, then Lender may invoke any of the following remedies, in addition to the remedies provided in the Security Instrument:
   A. Declare all sums secured by the Security Instrument due and payable and foreclose the Security Instrument;
   B. Decrease the term of the loan and adjust the monthly payments under the Note accordingly;
   C. Increase the interest rate and adjust the monthly payments under the Note accordingly;
   D. Require that the principal balance be reduced to a percentage of either the original purchase price or the appraised value then being offered on non-owner occupied loans.

### CONFLICTING PROVISIONS

Borrower agrees that if the provisions of this Rider conflict with the printed terms in the Security Instrument and/or the Note, then the provisions of this Rider will control.

### TERMINATION OF AGREEMENT

If the Security Instrument is assigned to another lender, this Rider may, at the option of the assignee, be terminated.

IN WITNESS WHEREOF, Borrower has executed this Occupancy Rider.

_____ 4/12/96    _____ 4/12/96
MARILYN ELIZABETH HOWARD    Date    ROY BOSTICK    Date

_____    _____
Date    Date

_____    _____
Date    Date

MULTISTATE OCCUPANCY RIDER - Primary/Secondary Home
Page 1 of 2

USRI0071 (02-06-96)

0011564 204

State of _Maryland_ , County of _Baltimore_ }SS:

On_____ before me, the undersigned, a Notary Public in and for said State, personally appeared MARILYN ELIZABETH HOWARD, ROY BOSTICK

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.
(Reserved for official seal)

Signature _Michelle K Scarlatta_

_Michelle K Scarlatta_
Name (typed or printed)

My commission expires: _6/6/96_

NOTARY PUBLIC
MICHELLE R. SCARLATTA
BALTIMORE COUNTY, MD.

MULTISTATE OCCUPANCY RIDER - Primary/Secondary Home
Page 2 of 2

USRI0071 (02-06-96)

0013921 675

Prepared by: Mark W. Dragovich
OCWEN FEDERAL BANK FSB
THE FORUM, SUITE 105
1665 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FL 33401

■

### ASSIGNMENT OF DEED OF TRUST
### MARYLAND

This **ASSIGNMENT OF DEED(S) OF TRUST** is made and entered into as of the 7th day of JUNE, 1999, from **MORTGAGE EDGE CORPORATION** whose address is 1355 BEVERLY ROAD, SUITE 330, MCLEAN, VA 22101 ("Assignor"), to **NORWEST BANK MINNESOTA, N.A., AS TRUSTEE**, whose address is 1015 10th Avenue S.E., Minneapolis, MN 55414 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the rights, title and interest of said Assignor in and to the following deed(s) of trust describing land therein, duly recorded in the Office of the County recorder of **BALTIMORE**, State of **MARYLAND**, as follows:

That certain promissory note or obligation dated **04/12/96** in the principal amount of **$94,250.00**, executed by **MARILYN ELIZABETH HOWARD** and **ROY BOSTICK** and more fully described or referred to in a deed of trust of even date therewith to **STEPHEN J. THOMPSON**, as Trustee and **MORTGAGE EDGE CORPORATION** as Beneficiary, and filed of record on **05/03/96**, at Book: **11564**, Page: **196**

PREMISES KNOWN AS: **4512 SPRING AVENUE, HALETHORPE, MD**
PREMISES DESCRIBED AS: Tax Parcel ID Number: 1316150000

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges, and to collect and receive said debt.
This Assignment is made without recourse, representation or warranty.

Dated: JUNE 7th, 1999.

**MORTGAGE EDGE CORPORATION**

BY: _(signature)_
NAME: JUDITH K. PARTLOW
TITLE: Vice President

STATE OF VIRGINIA }
}ss.
COUNTY OF FAIRFAX }

Subscribed and sworn to me this 7th day of June, 1999, by JUDITH K. PARTLOW, who is the Vice President at MORTGAGE EDGE CORPORATION.. He/She is personally known to me.

_(signature)_
Notary Public

My Commission Expires June 30, 2002

OC998861
**RECORD & RETURN TO:**
Court Explorers, Inc.
300 Rector Place
New York, NY 10280
(212) 945-6324

```
IMP FD SURE $        2.00
RECORDING FEE       20.00
TOTAL               22.00
Res# RA06    Rcpt # 57702
SM    SR     Blk # 2768
Jul 28, 1999      01:26 PM
```

001392 616

# EXHIBIT "A"

BEGINNING FOR THE FIRST on the north side of Spring Avenue at the distance of two hundred twenty-seven feet westerly from the northwest corner of Spring Avenue and Northeast Avenue said point of beginning being at the end of the third line of a two acre lot of ground heretofore conveyed to George Eyerly thence bounding on the north side of Spring Avenue south seventy-seven degrees west one hundred thirteen feet six inches thence parallel with Northeast Avenue north three degrees east four hundred feet thence parallel with Spring Avenue north seventy-seven degrees east one hundred thirteen feet six inches to said two acre lot and thence bounding on the same south three degrees west four hundred feet to the place of beginning.



*When Recorded Return To:*
*First American Title Company*
*Special Default Services Division*
*3355 Michelson Dr., Suite 250*
*Irvine, CA 92612*
*Attn: Shirley Bonner (Litton)*



## ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED:**
ASSIGNOR: **WELLS FARGO BANK MINNESOTA, N.A. SUCCESSOR BY MERGER TO NORWEST BANK MINNESOTA, N.A. AS TRUSTEE**

ASSIGNOR ADDRESS: **1015 10TH AVENUE S E**
**MINNEAPOLIS, MN 55414**

**HEREBY GRANTS, ASSIGNS, AND TRANSFERS TO:**
ASSIGNEE:
**US Bank National Association, as Trustee**

US Bank National Association, as Trustee under the Pooling and Servicing Agreement, dated as of February 1, 2003, among Credit-Based Asset Servicing and Securitization LLC, Salomon Brothers Mortgage Securities VII, Inc., Litton Loan Servicing LP and US Bank National Association, Salomon Mortgage Loan Trust C-BASS Mortgage Loan Asset-Backed Certificates, Series 2003-CB1, without recourse

ASSIGNEE'S ADDRESS:

**180 East 5th Street, St. Paul, MN 55101**
**ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST:**

DATED: 4/12/96
ORIGINAL LOAN AMOUNT: $94,250.00
TRUSTOR/BORROWER: **MARILYN ELIZABETH HOWARD AND ROY BOSTICK**
ORIGINAL BENEFICIARY: **MORTGAGE EDGE CORPORATION**
TRUSTEE: **STEPHEN J THOMPSON**

**RECORDED IN** THE OFFICIAL REAL PROPERTY RECORDS OF **BALTIMORE** COUNTY, **MARYLAND**
RECORDED: **5/3/96** IN BOOK/VOLUME/LIBER: **0011564** PAGE: **196** DOCUMENT:

**PROPERTY SUBJECT TO LIEN:** 4512 SPRING AVENUE
HALETHORPE, MD 21227
Tax ID # 1316150000 LEGAL DESCRIPTION ATTACHED
TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE UNDER SAID DEED OF TRUST.

DATED: December 16, 2002 WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE

BY:
NAME:
TITLE: Diane E. TenHoopen, Vice President

STATE OF Maryland ) SS:
COUNTY OF Baltimore

ON December 16 , 2002, BEFORE ME THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED Diane E. Tenhoopen, Vice President , PERSONALLY KNOWN TO ME (OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE) TO BE THE DULY AUTHORIZED PERSON WHO EXECUTED THE WITHIN INSTRUMENT ON BEHALF OF THE Wells Fargo Bank, MN, NA AND ACKNOWLEDGED TO ME THAT SUCH Vice President EXECUTED THE WITHIN INSTRUMENT PURSUANT TO ITS BY-LAWS OR A RESOLUTION OF ITS BOARD OF DIRECTORS.
WITNESS MY HAND AND OFFICIAL SEAL.

Teresa A. Kohlway
NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE
MY COMMISSION EXPIRES: 2/18/2003

---

**DO NOT GO BELOW THIS LINE**

---

**PREPARED BY:**
**LITTON LOAN SERVICING LP**
**4828 LOOP CENTRAL DRIVE**
**HOUSTON, TX 77081-2226**

# Legal Description

BEGINNING FOR THE FIRST on the north side of Spring Avenue at the distance of two hundred twenty-seven feet westerly from the northwest corner of Spring Avenue and Northeast Avenue said point of beginning being at the end of the third line of a two acre lot of ground heretofore conveyed to George Eyerly thence bounding on the north side of Spring Avenue south seventy-seven degrees west one hundred thirteen feet six inches thence parallel with Northeast Avenue north three degrees east four hundred feet thence parallel with Spring Avenue north seventy-seven degrees east one hundred thirteen feet six inches to said two acre lot and thence bounding on the same south three degrees west four hundred feet to the place of beginning.

Prepared by: Nadine Alvarez
When Recorded Mail To:
OCWEN LOAN SERVICING, LLC
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409
Phone Number: 561-682-8835

## ASSIGNMENT OF DEED OF TRUST
## MARYLAND

This **ASSIGNMENT OF DEED(S) OF TRUST** from **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED AS OF FEBRUARY 1, 2003, 2003-CB1 TRUST, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-CB1,** whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignor"), to **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED AS OF FEBRUARY 1, 2003, 2003-CB1 TRUST, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-CB1** whose address is c/o Ocwen Loan Servicing, LLC. 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 ("Assignee").

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever, in trust, all of the rights, title and interest of said Assignor in and to the following deed(s) of trust describing land therein, duly recorded in the Office of the County recorder of **BALTIMORE** State of **MARYLAND**, as follows:

That certain promissory note or obligation dated **APRIL 12, 1996** in the principal amount of **$ 94,250.00**, executed by **MARILYN ELIZABETH HOWARD AND ROY BOSTICK** and more fully described or referred to in a deed of trust of even date therewith to **STEPHEN J. THOMPSON OF FAIRFAX COUNTY** as Trustee(s) and **MORTGAGE EDGE CORPORATION** as Beneficiary, and filed of record on **MAY 03, 1996** at Book: 0011564 Page: 196

　　PREMISES KNOWN AS: 4512 SPRING AVENUE, HALETHORPE, MD
　　PREMISES DESCRIBED AS: Tax Parcel ID Number: 1316150000
**LEGAL DESCRIPTION: SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**
　　This Assignment is made without recourse, representation or warranty.
Dated: MAY 29, 2012
**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER**
**THE POOLING AND SERVICING AGREEMENT, DATED AS OF**
**FEBRUARY 1, 2003, 2003-CB1 TRUST, C-BASS MORTGAGE LOAN**
**ASSET-BACKED CERTIFICATES, SERIES 2003-CB1**
**BY ITS ATTORNEY IN FACT**
**OCWEN LOAN SERVICING, LLC**

BY: _____
NAME: Leticia N. Arias
TITLE: Contract Manager

STATE OF FLORIDA　　　　　　}
　　　　　　　　　　　　　　　}ss.
COUNTY OF PALM BEACH　　　}
Subscribed and sworn to me this 29TH day of MAY, 2012, by Leticia N. Arias, Contract Manager at Ocwen Loan Servicing, LLC, Attorney In Fact For **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT, DATED AS OF FEBRUARY 1, 2003, 2003-CB1 TRUST, C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-CB1.** He/she is personally known to me.

_____
Notary Public – 　　　Cory Messer



Notary Public State of Florida
Cory Messer
My Commission EE097259
Expires 06/26/2015

EXHIBIT "A"

BEGINNING FOR THE FIRST on the north side of Spring Avenue at the distance of two hundred twenty-seven feet westerly from the northwest corner of Spring Avenue and Northeast Avenue said point of beginning being at the end of the third line of a two acre lot of ground heretofore conveyed to George Eyerly thence bounding on the north side of Spring Avenue south seventy-seven degrees west one hundred thirteen feet six inches thence parallel with Northeast Avenue north three degrees east four hundred feet thence parallel with Spring Avenue north seventy-seven degrees east one hundred thirteen feet six inches to said two acre lot and thence bounding on the same south three degrees west four hundred feet to the place of beginning.

# NOTE

APRIL 12, 1996                    MCLEAN                    VIRGINIA
[Date]                           [City]                    [State]

.4512 SPRING AVENUE, HALETHORPE, MARYLAND 21227
[Property Address]

**1.    BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. 94,250.00          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is MORTGAGE EDGE CORPORATION, A DELAWARE CORPORATION

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest will be calculated on the basis of a 12-month year and a 30-day month. I will pay interest at a yearly rate of  11.275 .

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.    PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on JUNE          ,1996 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on MAY 1          ,2011 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at MORTGAGE EDGE CORPORATION, 6862 ELM STREET, SUITE 800, MCLEAN, VIRGINIA 22101          or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

I will pay U.S. $917.20          , on JUNE 1, 1996          , as interest due on the unpaid principal for the period from the date of this Note through the          1st          day of MAY          , 2011 .

My monthly payment will be in the amount of U.S. $917.20          .

**(C) Application of Payments**

Payments received by the Note Holder will be applied in the following order: (i) prepayment charges due under this Note; (ii) amounts payable under paragraph 2 of the Security Instrument (defined below); (iii) interest due under this Note; (iv) principal due under this Note; and (v) late charges due under this Note.

**4.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due, together with accrued interest. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments, without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

**5.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of  15  calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000  of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount, together with any other charges that I owe under this Note or the Security Instrument.

**(C) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

Init. _meh_      Init. _____      Init. _____      Init. _____      Init. _____      Init. _____

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section ▬▬▬▬▬▬▬▬▬▬▬ I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE** ▬▬▬▬▬▬▬▬▬▬

If more than one person signs this Note, each person ▬▬▬▬▬▬▬ obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Marilyn Elizabeth Howard_ _____(Seal)
MARILYN ELIZABETH HOWARD                    -Borrower

_Roy Bostick_ _____(Seal)
ROY BOSTICK                                  -Borrower

_____(Seal)
                                             -Borrower
SSN:

_____(Seal)
                                             -Borrower
SSN:

_____(Seal)
                                             -Borrower
SSN:

_____(Seal)
                                             -Borrower
SSN:

(Sign Original Only)

MDNT0012 (03-10-95)

Without recourse pay to the order of NORWEST BANK MINNESOTA,
NATIONAL ASSOCIATION AS TRUSTEE

By: _____
JOHN G. MORTIMER, VICE PRESIDENT
Mortgage Edge Corporation

## ALLONGE TO NOTE



BORROWER NAME: Marilyn Elizabeth Howard
Roy Bostick

PAY TO THE ORDER OF

_____

WITHOUT RECOURSE

WELLS FARGO BANK MINNESOTA, N.A. SUCCESSOR BY MERGER TO
NORWEST BANK MINNESOTA, N.A. AS TRUSTEE

BY: _____

NAME:
Diane E. TenHoopen, Vice President

TITLE:

# BALLOON PAYMENT RIDER TO NOTE AND SECURITY INSTRUMENT

THIS BALLOON PAYMENT RIDER ("Rider") is made this    12th    day of   APRIL 12, 1996 and amends a Note in the amount of $ 94,250.00       (the "Note") made by the person(s) who sign below ("Borrower") to MORTGAGE EDGE CORPORATION                   ("Lender") and the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date and given by Borrower to secure repayment of the Note.

In addition to the agreements and provisions made in the Note and the Security Instrument, both Borrower and Lender further agree as follows:

IF NOT PAID EARLIER, THIS LOAN IS PAYABLE IN FULL ON MAY 1, 2011 (THE "MATURITY DATE"). BORROWER MUST REPAY THE ENTIRE UNPAID PRINCIPAL BALANCE OF THE LOAN AND INTEREST THEN DUE. THIS IS CALLED A "BALLOON PAYMENT". THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME.

      At least ninety (90) but not more than one hundred twenty (120) days prior to the Maturity Date, Lender must send Borrower a notice which states the Maturity Date and the amount of the "balloon payment" which will be due on the Maturity Date (assuming all scheduled payments due between the date of the notice and the Maturity Date are made on time).

_____
Witness
as to both

_____
Witness

_____
Witness

_____
Witness

_____
Witness

_____ (Seal)
Borrower
MARILYN ELIZABETH HOWARD

_____ (Seal)
Borrower
ROY BOSTICK

_____ (Seal)
Borrower

_____ (Seal)
Borrower

_____ (Seal)
Borrower

_____ (Seal)
Borrower